IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv44

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM AND RECOMMENDATION |
| CARRIAGE PARK ASSOCIATES, LLC, CPA REALTY CORPORATION and TANYA L. BANKS, TRUSTEE OF THE TANYA LEE BANKS TRUST, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 13]. Plaintiff brought this action for a declaratory judgment pursuant to 28 U.S.C. § 2201. Specifically, Plaintiff seeks a judgment from this Court declaring that the insurance policies at issue do not provide coverage for Defendant Carriage Park Associates, LLC ("Carriage Park") for damages arising out of the actions at issue in a related state court action. In addition, Plaintiff wants a declaration that it is not required to provide a defense to Defendants Carriage Park and/or CPA Realty Corporation in the state court action. The Court **RECOMMENDS** that the District Court grant the Motion to Dismiss [# 13].

I.     **Background**

Plaintiff is a Pennsylvania Company that issued a number of insurance policies to Defendant Carriage Park. (Pl.'s Compl. ¶¶ 4, 8.) Defendant Carriage Park is an Illinois corporation that is authorized to do business in North Carolina. (Id. ¶ 5.) Plaintiff contends that North Carolina law governs the interpretation of these policies. (See e.g., Id. ¶ 16.)

On August 31, 2010, Tanya L. Banks brought an action against Defendants Carriage Park and CPA Realty Corporation ("CPA Realty") in the Superior Court of Henderson County, North Carolina. (Id. ¶ 11.) This Complaint asserts claims against Defendant Carriage Park and CPA Realty under North Carolina law for negligence, fraud, and unfair deceptive trade practices. (Ex. C. to Pl.'s Compl. at ¶¶ 24-40.) These claims all arise out of the partial construction of a residence for Banks by a third party. (Id. at ¶¶ 10-23.)

After Banks filed the state court action, Defendants Carriage Park and CPA Realty tendered the state court Complaint to Plaintiff for defense pursuant to the insurance policies. (Pl.'s Compl. ¶ 13.) Plaintiff is currently defending Defendants Carriage Park and CPA Realty in the state court action pursuant to a full reservation of rights to deny coverage for indemnity or for further defense. (Id. at ¶ 14.) Plaintiff, however, contends that the insurance policies at issue do not provide

coverage to Defendants Carriage Park and CPA Realty, and it has no duty to defend or indemnity them from the claims asserted in the state court action. (Id. at ¶¶ 15-16.) Accordingly, Plaintiff seeks a declaratory judgment from this Court declaring that the insurance policies do not provide coverage for the damages alleged in the state court action, and that Plaintiff is not obligated to provide a defense to Defendants Carriage Park and CPA Realty. Defendants move to dismiss the Complaint.

**II.     Analysis**

The Federal Declaratory Judgment Act (the "Act") provides that a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). It is now well settled that the decision to exercise jurisdiction under the Act and render declaratory relief is discretionary. See Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 2142 (1995) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) ("This power has consistently been considered discretionary."); Continental Cas. Co. v. Fuscardo, 33 F.3d 963, 965 (4th Cir. 1994); Aetna Cas. & Sur. Co. v. Alpha Mech., Inc., 9 F. Supp. 2d 585, 587 (W.D.N.C. 1998) (Potter, J.).

Courts should normally exercise jurisdiction over a declaratory judgment action where the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue and . . . will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Fuscardo, 35 F.3d at 965 (internal quotations and citations omitted). A declaratory judgment, however, "should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.'" Poston, 88 F.3d at 256-57 (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). Moreover, where a related action is pending in state court, the federal district court should consider whether the state court is better situated to handle the controversy. Id. at 257. Finally, courts are guided by "the same consideration of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994).

In addition to these general principles and concerns, the United States Court of Appeals for the Fourth Circuit has set forth four additional factors that a court must consider in deciding whether to exercise its discretion and hear a declaratory judgment action. Poston, 88 F.3d at 257; Fuscardo, 35 F.3d at 966. These factors include:

> 1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state court; 2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; 3) whether the federal action might result in unnecessary entanglement between the federal and state systems due to overlapping issues of fact or of law; and 4) whether the federal action is being used merely as a device for "procedural fencing," i.e., to provide another forum in a race for res judicata.

Fuscardo, 35 F.3d at 966; see also Poston, 88 F.3d at 257; State Farm Mut. Auto. Ins. Co. v. Baker, No. 3:08cv355, 2008 WL 5255802, at *2 (W.D.N.C. Dec. 16, 2008) (Mullen, J.) (applying factors and declining to exercise jurisdiction); Firemen's Ins. Co. of Washington, D.C. v. Hunter Constr. Group, Inc., No. 3:07cv120, 2008 WL 2247138, at *2 (W.D.N.C. May 29, 2008) (Mullen, J.) (same).

Under the first factor, North Carolina has an interest in the construction and interpretation of the insurance policies at issue because the policies are governed by state law. See Fuscardo, 35 F.3d at 966-67; Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992); Baker, 2008 WL 5255902, at *2. The state court is particularly well suited to apply North Carolina law in this case. While this factor alone is not sufficient to decline to exercise jurisdiction, when considered in conjunction with the other factors, as well as the general principals set forth by the Fourth Circuit and the United States Supreme Court, the fact that state law controls the legal questions before the Court weighs in favor of declining to exercise jurisdiction. See Fuscardo, 35 F.3d at 966-67; Baker, 2008 WL 5255902, at *2. This is true even if the issues of state law

raised in the Complaint are not novel or difficult. See Fuscardo, 35 F.3d at 967; Beach Cove Assoc. v. U.S. Fire Ins. Co., 903 F. Supp. 959, 961 (D.S.C. 1995).

Similarly, the second factor weighs against the Court exercising jurisdiction over this action because the issues should be resolved in a single court system. See Mitcheson, 955 F.2d at 239; Hunter Constr., 2008 WL 2247138, at *3; Baker, 2008 WL 5255802, at *2. When Plaintiff filed this declaratory judgment action, the state court action was already pending. In fact, Plaintiff is currently providing a defense for Defendants Carriage Park and CPA Realty Corporation in that action. Although no parallel insurance coverage action is pending in state court, the Court finds that allowing these liability and coverage issues to be decided by a single state court system is more efficient than allowing parallel proceedings in state court as to liability and federal court as to the insurer's duty to defend. See Mitcheson, 955 F.2d at 239; Fuscardo, 35 F.3d at 967-68; Hunter Constr., 2008 WL 2247138, at *3.

The third factor, however, weighs in favor of exercising jurisdiction over the dispute as the Court's resolution of the insurance coverage issue will not result in unnecessary entanglement with the state court action. See Fuscardo, 35 F.3d at 968. The insurance issues are not currently being litigated in state court, and the Court need only look to the allegations in the state court Complaint to determine whether Plaintiff has a duty to defend the underlying lawsuit. Pulte Home Corp. v. Am. Southern Ins.

Co., 647 S.E.2d 614, 620 (N.C. Ct. App. 2007); Holz-Her U.S., Inc. v. U.S. Fid. and Guar. Co., 539 S.E.2d 348, 349 (N.C. Ct. App. 2000). "The duty to defend is thus measured by the facts alleged in the pleadings." Holz-Her, 539 S.E.2d at 349. Because the declaratory judgment action can be resolved in the district court without overlapping factual issues or undue entanglement of legal issues, the third factor weighs in favor or hearing this dispute.

Finally, the Court must consider whether Plaintiff brought the declaratory judgment action as a type of procedural fencing. See Fuscardo, 35 F.3d at 966. Plaintiff brought this action after the state court action was filed, and Plaintiff is currently providing a defense in that lawsuit. As previously discussed, the state courts are more than capable of interpreting state law and determining whether the insurance policies at issue provide coverage for the state court claims. Although a federal action to determine an insurer's obligation is a proper use of a declaratory judgment, given the pendency of the state court action, and the fact that Plaintiff is currently providing a defense in the action, the Court cannot say that Plaintiff did not use this federal declaratory judgment action as a form of procedural fencing. See Fuscardo, 35 F.3d at 968. The court takes notice that Plaintiff brought an action requesting the same relief, involving the same defendants, that being Carriage Park Associates, LLC and CPA Realty Corporation, involving the same

development, involving the same building contractor, Estate Homes of North Carolina, Inc, and involving the same issues in 2008 before this court. Pennsylvania Nat'l Mut. Cas. Ins. Co., v. Carriage Park Associates , LLC, et al, U.S. Dist. Ct., W.D.N.C., 1:08cv363.  There the undersigned recommended to the District Court that Defendants' Motions to Dismiss be allowed for the same reasons set forth in this Memorandum and Recommendation.  No objection was filed and Lacy H. Thornburg, United States District Judge dismissed Plaintiff's complaint.  There has been no change in the law governing these issues since 2008 and this court finds no legal or well supported reason to recommend otherwise in this case.

Given North Carolina's interest in resolving issues of substantive state law in state court, the efficiency of resolving both the underlying liability and coverage issues in a single state court system, the timing of the filing of the federal declaratory judgment action, and considering the notions of federalism, efficiency, and comity, the Court finds that declining to exercise jurisdiction over this dispute is warranted. In short, the resolution of the issue of insurance coverage should be left to the state court.  Accordingly, the Court **RECOMMENDS** that the District Court grant the Motion to Dismiss [# 13].

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 13] and dismiss this case without prejudice.

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 91 (4th Cir.), cert. denied, 467 U.S. 120

Signed: August 4, 2011

Dennis L. Howell
United States Magistrate Judge